# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>DANNY R. GARLAND and LUCY M. GARLAND,<br><br>　　　　　　　　　Defendant. | CASE NO. 13cv1434-LAB (WVG)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER TO SHOW CAUSE RE: REMAND** |

On June 19, 2013, Defendant Lucy Garland filed a notice of removal of this case from state court, along with a motion to proceed *in forma pauperis*. Defendant Danny Garland filed no motion to proceed *in forma paupers* and did not join in the removal.

Defendants may proceed *in forma pauperis* only if they are both eligible. *See Gulbransen v. Far Northern Regional Center*, 2011 WL 2462994 at *1 (E.D.Cal., 2011) (explaining that the statutory filing fee must be paid unless each plaintiff filed a motion to proceed *in forma pauperis*, and was granted leave to do so). As it is, it is possible Lucy Garland has limited income and assets but Danny Garland has an adequate income or assets such that he should be required to pay the filing fee. Lucy Garland's motion to proceed *in forma pauperis* is therefore **DENIED WITHOUT PREJUDICE**.

/ / /

The Court is required to examine notices of removal promptly, 28 U.S.C. § 1446(c)(4) and must remand actions were jurisdiction is lacking. *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998); 28 U.S.C. § 1447(c).

Failure of all Defendants to join in removal renders the removal improper, but this is a procedural defect that must be raised by Plaintiff and not by the Court *sua sponte*. See *Kelton Arms Condominium Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190 (9th Cir. 2003) (district court lacks authority to remand removed case *sua sponte* based on nonjurisdictional defect); *Parrino v. FHP*, 146 F.3d 699, 703 (9th Cir. 1998) (failure of all defendants to join in removal is a procedural defect).

Of greater concern is the apparent lack of jurisdiction. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). "A court has an obligation to consider its own jurisdiction, and should, sua sponte, raise any doubts it has about its jurisdiction." *Bassiri v. Xerox Corp.*, 463 F.3d 927, 933 n.3 (9th Cir. 2006) (citing WMX Tech. Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997)). "The burden of establishing federal jurisdiction is upon the party seeking removal . . . and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194–95 (9th Cir. 1988) (internal citations omitted).

The removed action is an unlawful detainer action filed in state court and bringing only claims arising under state law. The notice of removal argues the Court has jurisdiction over the removed action because Defendants have federal defenses, and it also mentions a bankruptcy action pending in federal court  Under the well-pleaded-complaint doctrine, however, federal questions raised in a defendant's responsive pleadings cannot give rise to jurisdiction under 28 U.S.C. § 1331. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831–32 (2002).

While the notice cites various federal statutes, including the diversity jurisdiction statute, 28 U.S.C. § 1332, the complaint seeks far less than the jurisdictional amount in controversy. In fact, it specifies the recovery sought is less than $10,000.

The notice of removal does not argue jurisdiction is proper based on the Federal National Mortgage Association's (FNMA's) charter, *see generally Fed'l Nat'l Morg. Ass'n v. Sandoval*, 2011 WL 976708, slip op. at *2–*4 (E.D.Cal., March 16, 2011) (discussing case law and concluding FNMA's charter did not give rise to original federal jurisdiction), or for any other reason.

Defendants are therefore **ORDERED TO SHOW CAUSE** why this action should not be remanded to the court from which it was removed. They may do so by filing a memorandum of points and authorities, not to exceed seven pages (not counting any lodged or appended material), no later than **July 1, 2013**. If they fail to show cause within the time permitted, this action will be remanded to the court from which it was removed.

Also no later than **July 1, 2013**, they must either 1) both file motions to proceed *in forma pauperis*, or 2) pay the filing fee. If they fail to do this within the time permitted, this action will also be remanded.

**IT IS SO ORDERED**.

DATED: June 20, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge